JUDGE SCHEINDLIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 13 CV 5981

WELLS FARGO BANK, NATIONAL
ASSOCIATION, as Trustee,

        Interpleader Plaintiff,

        - against -

DAVIDSON KEMPNER CAPITAL
MANAGEMENT LLC, WATERFALL ASSET
MANAGEMENT LLC, NORTHWESTERN
MUTUAL, DELAWARE INVESTMENTS, STS
PARTNERS FUND, LP, BEDFORD CMBS
ACQUISITIONS LLC, CEDE & CO., as holder of
certain Certificates and nominee name of The
Depository Trust Company, and DOES 1 through
50, holders of beneficial interests in the Certificates.

        Interpleader Defendants.

**INTERPLEADER
COMPLAINT**

Case No.



Interpleader Plaintiff Wells Fargo Bank, National Association ("Wells Fargo"), in its capacity as trustee under the Pooling Agreement, dated as of July 24, 2006, by and between GS Mortgage Securities Corporation II, as Depositor and Wells Fargo, as trustee (the "Pooling Agreement")[1], alleges and states that:

## INTRODUCTION

1.    Wells Fargo brings this interpleader action for the purpose of obtaining adjudication of the Directing Securityholder's right to exercise a Purchase Option in respect of certain Disputed Assets (as defined below). Wells Fargo, which serves as Trustee under the Pooling Agreement, faces competing demands by the Interpleader Defendants with respect to whether the current Directing Securityholder has the right to exercise the Purchase Option for the Disputed Assets despite the predecessor Directing Securityholder's waiver of its rights to do so.

---

[1] All capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Pooling Agreement.

Wells Fargo has not taken a position with respect to the disputed issue that is the subject of this Interpleader Complaint, and it has become apparent that it now cannot determine, without hazard to itself, how to proceed on a going-forward basis.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332, and other applicable law, because there is complete diversity of citizenship between the parties hereto, and as demonstrated below, the amount in controversy exceeds $75,000 exclusive of interest and costs and pursuant to 28 U.S.C. § 1335, and other applicable law, because this is a civil action of interpleader or in the nature of interpleader, two or more adverse claimants are of diverse citizenship, the amount of controversy exceeds $500.

3.      Venue in this District is appropriate pursuant to 28 U.S.C. § 1397 because one or more defendants reside within this judicial district.

## PARTIES

4.      Wells Fargo is a national banking association with its main office in Sioux Falls, South Dakota.  Wells Fargo is acting solely in its capacity as Trustee under the Pooling Agreement.

5.      Interpleader Defendant Davidson Kempner Capital Management LLC ("Davidson Kempner") is, upon information and belief, a limited liability company formed under New York law, with its principal place of business at 65 East 55th Street, New York, New York. Upon information and belief, Davidson Kempner is a Holder of Class A-1 Certificates.

6.      Interpleader Defendant Waterfall Asset Management LLC ("Waterfall Asset") is, upon information and belief, a limited liability company formed under Delaware law, with its

principal place of business at 1185 Avenue of the Americas, New York, New York. Upon

information and belief, Waterfall Asset is a Holder of Class A-1 Certificates.

7.     Interpleader Defendant Northwestern Mutual ("Northwestern") is, upon

information and belief, a Wisconsin corporation, with its principal place of business at 720 East

Wisconsin Avenue, Milwaukee, Wisconsin. Upon information and belief, Northwestern is a

Holder of Class A-1 Certificates.

8.     Interpleader Defendant Delaware Investments a/k/a Delaware Management

Holdings ("Delaware Investments") is, upon information and belief, a Delaware corporation,

with its principal place of business at 2025 Market Street, Philadelphia Pennsylvania. Upon

information and belief, Delaware Investments is a Holder of Class A-1, E, F and G Certificates.

9.     Interpleader Defendant STS Partners Fund, LP ("STS," and collectively with

Davidson Kempner, Waterfall Asset, Northwestern, and Delaware Investments, the "Objecting

Defendants") is, upon information and belief, a Delaware limited partnership, with its principal

place of business at 1865 Ski Time Square, Suite 102, Steamboat Springs, Colorado. Upon

information and belief, STS is a Holder of Class A-1 Certificates.

10.     Interpleader Defendant Bedford CMBS Acquisitions LLC ("Bedford") is, upon

information and belief, a limited liability company formed under Delaware law. Upon

information and belief, Bedford is the current Directing Securityholder under the Pooling

Agreement.

11.     Interpleader Defendant Cede & Co. is, upon information and belief, the nominee

name of The Depository Trust Company, a limited purpose trust company organized under New

York banking law, with its principal place of business at 55 Water Street, New York, New York.

Cede & Co. is the registered Holder of record of the Certificates. Upon information and belief, Cede & Co. holds the Certificates for the ultimate benefit of others.

12.     Interpleader Defendants Does 1 through 50 (the "Doe Defendants") are, upon information and belief, beneficial holders of the interests in the Certificates, other than the Objecting Defendants and Bedford, held by Cede & Co. With limited exception, Wells Fargo does not know the names or true identities of the Doe Defendants.

## BACKGROUND

13.     Wells Fargo serves as Trustee under the Pooling Agreement, pursuant to which the Depositor conveyed to the Trustee, for the benefit of the REMICs and Certificateholders, all of the Depositor's right, title and interest in, to and under the Trust Estate. The Trust Estate consisted of (i) the Pooled Certificates listed on the Pooled Certificate Schedule and all amounts received or receivable with respect thereto after the Trust Cut-Off Date, (ii) each Account and all Eligible Investments, funds and other property credited thereto, (iii) the Pooled Certificate Purchase and Sale Agreement (including the right to enforce all remedies directly against the Seller), and (iv) all proceeds of the foregoing.

14.     Wells Fargo, in its capacity as Trustee, holds the Pooled Certificates on behalf of the Holders.

15.     Section 7.13 of the Pooling Agreement provides that, in the event a Pooled Certificate becomes a Defaulted Security or an Imminently Defaulted Security (as defined therein), the Directing Securityholder will have an assignable Purchase Option to purchase such Defaulted Security or Imminently Defaulted Security from the Trust at the Option Price. The Option Price of a Defaulted Security or Imminently Defaulted Security is either, (i) if the Fair Value has not yet been determined, the unpaid principal amount thereof plus accrued and unpaid

interest thereon, or, (ii) if the Fair Value has been determined pursuant to § 7.13, the Fair Value.

Section 7.13 further provides that "[i]f the Directing Securityholder has not provided notice to

the Trustee of its exercise of the Purchase Option within 10 Business Days of its receipt of notice

that a Pooled Certificate has become a Defaulted Security or Imminently Defaulted Security, the

Purchase Option calculated with respect to clause (i) above will be deemed irrevocably waived

with respect to such Defaulted Security or Imminently Defaulted Security, and if the Directing

Securityholder does not provide notice to the Trustee of its exercise of the Purchase Option

within 10 Business Days of its receipt of notice of the determination of the Fair Value of such

Pooled Certificate, the Purchase Option will be deemed to be irrevocably waived with respect to

such Defaulted Security or Imminently Defaulted Security."

## THE DISPUTE

16.     Certain Pooled Certificates became Defaulted Securities (each a "Disputed

Asset" and collectively, the "Disputed Assets"), which are the subject of this dispute.  Upon

information and belief, the Disputed Assets consist of the following Defaulted Securities:

| Cusip | Bond | Amount | Default Date |
|-------|------|--------|--------------|
| 05947UQA9 | BACM 04-1 F | 1,550,000 | 01/18/11 |
| 05947UQC5 | BACM 04-1 G | 1,550,000 | 01/18/11 |
| 05947UT24 | BACM 05-3 G | 10,000,000 | 11/19/09 |
| 07383FER5 | BSCMS 00-WF2 H | 2,934,000 | 02/10/11 |
| 07383FES3 | BSCMS 00-WF2 I | 1,258,000 | 02/10/11 |
| 07383FYS1 | BSCMS 04-PWR3 H | 5,000,000 | 07/18/12 |
| 161505FJ6 | CCMSC 00-2 J | 7,387,334 | 10/15/09 |
| 22540AJV1 | CSFB 1998-C2 H | 11,185,000 | 02/25/08 |
| 22541QSQ6 | CSFB 03-C4 J | 4,500,000 | 12/10/10 |
| 337368AK0 | FUBOA 01-C1 J | 2,000,000 | 07/02/10 |
| 396789LV9 | GCCFC 05-GG5 G | 17,951,000 | 06/23/10 |
| 36228CXK4 | GSMS 06-GG6 G | 16,009,000 | 09/03/09 |
| 46625YJS3 | JPMCC 05-C11 F | 24,763,000 | 02/24/11 |
| 46625YYK3 | JPMCC 05-LDP5 K | 25,000,000 | 12/02/09 |
| 52108H7H1 | LBUBS 05-C5 H | 15,440,000 | 12/11/09 |
| 52108H7J7 | LBUBS 05-C5 J | 7,325,500 | 12/11/09 |

| 59022HNK4 | MLMT 05-LC1 F | 1,000,000 | 05/05/10 |
| 59022HNL2 | MLMT 05-LC1 G | 4,000,000 | 05/05/10 |
| 60687UAM9 | MLCFC 06-2 E | 7,000,000 | 02/06/09 |
| 60687UAN7 | MLCFC 06-2 F | 4,000,000 | 02/06/09 |
| 61745M6T5 | MSC 05-HQ6 H | 13,000,000 | 03/12/10 |
| 92976BEG3 | WBCMT 06-C23 G | 10,000,000 | 02/11/09 |
| 92976BEJ7 | WBCMT 06-C23 H | 20,000,000 | 02/11/09 |
| 92976BEL2 | WBCMT 06-C23 J | 20,000,000 | 02/11/09 |

17.     In July 2013, the entity that was, at the time, the Directing Securityholder, requested a Fair Value determination for each of the Defaulted Securities in accordance with § 7.13(ii), but failed to exercise its Purchase Option within ten Business Days.

18.     On August 9, 2013, Bedford notified Wells Fargo that it had become the Directing Securityholder.

19.     On August 13, 2013, Bedford, in its capacity as Directing Securityholder, requested the Fair Value of the Disputed Assets and certain other Defaulted Securities.

20.     On August 20, 2013, Wells Fargo provided Bedford with notice of the Fair Value of the Disputed Assets.

21.     On August 21, 2013, Bedford, in its capacity as Directing Securityholder, notified Wells Fargo that it intended to exercise its Purchase Option with regard to the Disputed Assets.

22.     After Bedford notified Wells Fargo of its intent to exercise the Directing Securityholder's Purchase Option in respect of the Disputed Assets, the Objecting Defendants contacted Wells Fargo to object.  Upon information and belief, the Objecting Defendants take the position that the Purchase Option was irrevocably waived because the Disputed Assets became Defaulted Securities prior to Bedford's delivery of the notice of its intent to exercise the Purchase Option with respect thereto.  Also upon information and belief, the Objecting Defendants further take the position that Bedford is not entitled to exercise the Purchase Option

with respect to the Disputed Assets because the Purchase Option with respect to such Defaulted Securities was irrevocably waived by the failure of the then-Directing Securityholder to exercise the Purchase Option within ten Business Days of receiving notice of the determination of the Fair Value of the Disputed Assets.

23.     A dispute thus exists among the various Holders with an interest in the Defaulted Securities as to Bedford's rights, as Directing Securityholder, to exercise the Purchase Option for the Disputed Assets.

24.     Section 7.13 and other relevant provisions of the Pooling Agreement are ambiguous with respect to Bedford's right to exercise the Purchase Option with respect to the Disputed Assets under the circumstances described herein.  Wells Fargo, in its capacity as Trustee, is unable to determine, without exposing itself to risk of liability, whether Bedford is entitled to exercise the Purchase Option.

25.     Wells Fargo is ready and willing to treat the Disputed Assets in such manner as the Court shall direct.

26.     The above-entitled action is not brought by collusion with any of the Interpleader Defendants.

## PLEA FOR RELIEF

**WHEREFORE,** Wells Fargo asks this Court:

(i)     To order Interpleader Defendants to interplead and to settle all claims regarding the Directing Securityholder's rights to exercise the Purchase Option in respect of the Disputed Assets between themselves and any other persons who claim or may claim an interest, beneficial or legal, in such proceeds;

(ii)    To restrain Interpleader Defendants and all claiming through or acting with them, or

claiming any interest in the Disputed Assets or the Directing Securityholder's right in respect thereof, from commencing or prosecuting any separate proceeding against Wells Fargo concerning or relating to the issues in this action;

(iii)   To award Wells Fargo its costs and disbursements, including legal fees and expenses, with respect to this action and the distribution of the disputed proceeds;

(iv)   To award Wells Fargo such other and further relief as the Court may deem just, proper and equitable.

Dated: New York, New York
        August 23, 2013

                                        ALSTON & BIRD LLP

                                        By: _____
                                        Michael E. Johnson
                                        Carolyn O'Leary
                                        90 Park Avenue
                                        New York, New York
                                        (212) 210-9400

                                        *Attorneys for Interpleader Plaintiff*
                                        *Wells Fargo Bank, National*
                                        *Association, as Trustee*